IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>8.76 ACRES, MORE OR LESS, )<br>SITUATED IN SILVER BOW COUNTY )<br>STATE OF MONTANA, and CURT )<br>POHL, et al., )<br>)<br>  Defendants. ) | Civ. No. 22-11-BMM-JTJ<br><br>**ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN THE UNITED STATES AND CURT POHL AND ROBIN RANEY-POHL** |

**ORDER APPROVING STIPULATION OF
SETTLEMENT BETWEEN THE UNITED STATES OF AMERICA AND
CURT POHL AND ROBIN RANEY-POHL**

Upon the filing of a Stipulation of Just Compensation and Settlement Agreement executed by Plaintiff United of America ("United States") and Defendants Curt Pohl *a/k/a* Curtis Pohl and Robin Raney-Pohl, husband and wife, and for good cause appearing:

IT IS HEREBY ORDERED THAT just compensation for the Subject Property acquired by the United States, exclusive of those interests belong to parties other than Mr. Pohl and Mrs. Raney-Pohl and who have not disclaimed interest in the Subject Property, shall be the sum of Twenty Thousand Dollars and no cents ($20,000.00), plus all interest accrued on the February 28, 2022 deposit.

1

AND IT IS FURTHER ORDERED THAT:

1. On February 22, 2022, the United States filed a Complaint in Condemnation (ECF No. 1) and a Declaration of Taking (ECF No. 2), to acquire approximately 8.76 acres of land, more or less, situated in Silver Bow County, Montana ("Subject Property"), through its power of eminent domain.

2. The Subject Property is more fully described in Schedule C of the Declaration of Taking as:

**Tower Parcel (Parcel A):**

A 200 by 200 foot parcel of land located in the SE 1/4 of Section 7, T3N, R9W, Principal Meridian Montana, Silver Bow County, Montana, more particularly described as follows:

Commencing at the E 1/4 Section corner of said Section 7, monumented with an iron pipe, with part of a Government Land Office brass cap; thence S 65° 29' 17" W, 1763.94 feet to an iron rod, 30 inches long, 5/8 inch diameter, with an aluminum tag marked PLS 3922 S, the POINT OF BEGINNING: thence S 64° 02' 41" W, 200.00 feet to an iron rod, 30 inches long, 5/8 inch diameter, with an aluminum tag marked PLS 3922 S; thence N 25° 57' 19" W, 200.00 feet to an iron rod, 30 inches long, 5/8 inch diameter, with an aluminum tag marked PLS 3922 S; thence N 64°02' 41" E, 200.00 feet to an iron rod, 30 inches long, 5/8 inch diameter, with an aluminum tag marked PLS 3922 S; thence S 25° 57' 19" E, 200.00 feet to the POINT OF BEGINNING, amounting to 0.92 acres more or less.

Being the same land described as "Parcel A" in the lease numbered DFTA11-99-L-00539 between James R. Johnson and Lorna K. Johnson and the United States of America dated September 22, 1998 as amended on April 28, 2014 by Curtis Pohl and the United States of America.

**Access Parcel (Parcel B):**

An existing unimproved pathway connecting the Tower Parcel with the roadway known as "Zacoty Trail," located in the SE 1/4 of Section 7, T3N, R9W, Principal Meridian Montana, Silver Bow County, Montana, said land being 20 feet each side of the center line, and at right angles or radially to the curve of the following alignment:

Commencing at the East 1/4 Section corner of Section 7, monumented with an iron pipe, with part of a Government Land Office brass cap; thence S 45° 01' 00" W, 2202.17 feet to an iron rod, 30 inches long, 3/8 inch diameter, with an aluminum tag marked LS 3922S, designated the POINT OF BEGINNING: thence N 26° 55' 54" W, 42.57 feet; thence N 24° 25' 48" W, 100.19 feet: thence N 24° 54' 26" W, 100.53 feet; thence N 25° 46' 09" W, 100.12 feet; thence N 8° 35' 38" W, 100.59 feet; thence N 4° 15' 42" E, 102.72 feet; thence N 28° 36' 03" E, 100.57 feet; thence N 21° 16' 18' W", 201.57 feet to the POINT OF ENDING, amounting to 0.78 acres more or less.

Being the same land described as "Parcel B" in the lease numbered DFTA11-99-L-00539 between James R. Johnson and Lorna K. Johnson and the United States of America dated September 22, 1998 as amended on April 28, 2014 by Curtis Pohl and the United States of America, and excepting therefrom the land described in Parcel A, above.

**Zacoty Trail Parcel (Parcel C):**

That portion of the existing 60 foot-wide roadway known as the Zacoty Trail, located in Sections 7 and 8, T3N, R9W, Principal Meridian Montana, Silver Bow County, Montana, and referenced in Paragraph 11 of the Protected Covenants recorded in Roll 116, Card 491 of the records of County of Silver Bow, Montana, encompassing that portion of Zacoty Trail between the intersection with Canyon Road and the intersection with Parcel B, described above, containing approximately 7.06 acres of land.

3. On February 28, 2022, the United States deposited $2,720 into the Court's registry as an estimate of just compensation for the taking of the Subject Property. At the time of the deposit, title to the Subject Property, as set forth in the Declaration of Taking, vested in the United States by operation of law. *See* 40 U.S.C. § 3114(b).

4. The United States acquired Parcel A in fee simple subject to the existing utility easements of record and a perpetual, non-exclusive easement allowing for ingress and egress, and operation, construction, and maintenance of the roadway and utilities over Parcels B and C. *See* ECF No. 2 (Schedule E).

5. The Warranty Deed recorded on March 24, 2014, as Document No. 664344 with the Silver Bow County Clerk and Recorder's Office, identifies Mr. Pohl as the sole owner in fee of Parcels A and B.

6. The Deed of Trust recorded March 20, 2014 in Roll 373, Card 192 of the records of Butte-Silver Bow County, Montana identifies American Federal Savings Bank as having a property interest in Parcel A. American Federal Savings Bank is now known as Opportunity Bank of Montana, its successor by merger. Opportunity Bank of Montana disclaimed interest in the Subject Property on April 6, 2022. *See* ECF No. 10.

7. The United States identified, as a result of its search of public records, the City and County of Butte-Silver Bow as an interested party due to its taxing authority. The City and County of Butte-Silver Bow disclaimed interest in the Subject Property on March 23, 2022. ECF No. 9.

8. The United States identified, as a result of its search of public records, a document entitled "Protective Covenants 'Wilderness Foothills,'" recorded in Roll 116, Card 491 (the "Covenants") of the records of Butte-Silver Bow County. The Covenants benefit the Subject Property and approximately 70 other parcels of land in the area (the owners of said parcels are hereafter "Covenant Parties"). This Partial Judgment does not affect the remaining Covenant Parties' rights, if any, pursuant to 40 U.S.C. § 3114(c)(1) and Rule 71.1.

9. The United States and Defendants Mr. Pohl and Mrs. Raney-Pohl have conferred and agree that $20,000, plus all interest accrued on the February 28, 2022 deposit, shall constitute just compensation for the Subject Property, inclusive of attorneys' fees and costs.

10. The deficiency between the agreed upon settlement amount ($20,000) and the previous deposit of estimated just compensation ($2,720) is $17,280.

11. The United States shall pay into the Court's registry the deficiency amount of $17,280.

12. The said sum of $20,000, plus all interest accrued on the February 28, 2022 deposit, shall be full and just compensation and in full satisfaction of all claims of any nature against the United States and/or the Federal Aviation Administration ("FAA") by reason of this action, or any other action, whether administrative or judicial, related to the FAA's lease and/or use of the Subject Property prior to February 28, 2022. This satisfaction of all claims includes, but is not limited to, any claims identified in the matter of *Curtis Pohl and Robin Raney Pohl v. United States*, Civ. No. 20-09-SEH (D. Mont. 2020) and any claims pursuant to the Federal Tort Claims Act, including those submitted by Mr. Pohl and Mrs. Raney-Pohl to the FAA in or around June 2020.

13. The said sum of $20,000, plus all interest accrued on the February 28, 2022 deposit, shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the Subject Property at the time of vesting of title thereto in the United States and all such taxes, assessments, liens and encumbrances shall be payable and deductible from the said sum.

14. If any other person or entity is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the Subject Property taken in this action, Mr. Pohl and Mrs. Raney-Pohl shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the

Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the award to the date of repayment into the Court's registry. Notwithstanding the foregoing, if the Court determines that any of the Covenant Parties are entitled to compensation in this action, the United States shall pay such defendants with funds separate and apart from the $20,000, plus all interest accrued on the February 28, 2022 deposit, and no refund by Mr. Pohl and Mrs. Raney-Pohl is required.

15. The United States and Mr. Pohl and Mrs. Raney-Pohl further agree that the United States shall be held harmless from the claims of any and all parties having liens or encumbrances and any other parties who may be entitled to any portion of the just compensation to be paid by virtue of any recorded or unrecorded easement.

16. The parties hereto shall be responsible for their own legal fees, costs, and expenses.

17. The parties hereto consent to the entry of all orders and judgments necessary to effectuate this stipulation and agreement.

18. The parties hereto will take no appeal from the entry of judgment in accord with this stipulation and agreement.

19. The FAA requires unfettered access to Parcel A to ensure the continued safe operation of the RCL Repeater and the safe navigation and operation of military,

commercial, and private instrument aviation activities in the National Airspace System, and Mr. Pohl and Mrs. Raney-Pohl agree to not restrict the FAA's access to the Subject Property in any manner. Nonetheless, the United States agrees that Mr. Pohl and Mrs. Raney-Pohl may continue to operate the existing gate on Parcel C on the condition that the FAA install its own lock, with the two locks locked to each other, so that all parties may have access at any time. Mr. Pohl and Mrs. Raney-Pohl may not make changes to the gate in any manner that restricts the FAA's access without prior written approval of the FAA.

20. The parties hereto have filed a joint motion seeking a separate Court order to deposit the deficiency amount into the Court's registry and to disburse $20,000, plus all interest accrued on the February 28, 2022 deposit, to Mr. Pohl and Ms. Raney-Pohl.

DATED this 11th day of April, 2022.

_____
Brian Morris, Chief District Judge
United States District Court