# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CV-22-11-BU-BMM** |
| Plaintiff, | |
| vs. | |
| 8.76 ACRES, MORE OR LESS, SITUATED IN SILVER BOW COUNTY STATE OF MONTANA, and CURT POHL, et al., | **ORDER** |
| Defendants. | |

The United States instituted this eminent domain action pursuant to 40 U.S.C. §§ 3113 and 3114 pertaining 8.76 acres of land, more or less, in Silver Bow County, Montana (hereinafter the "Subject Property"). The Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1358. The Court held a hearing on May 9, 2024, to determine just compensation pursuant to Fed. R. Civ. P. 71.1(h).

The United States has named Curtis and Robin Pohl, who owned a fee interest in a 0.92-acre portion of the property interests acquired ("Tower Parcel"), and over 120 defendants who possessed a property interest in the Subject Property through the Wilderness Foothills Protective Covenants ("Covenants") that burden

1

the Subject Property ("Covenant Holders"). All defendants have been properly identified and noticed of the condemnation consistent with Fed. R. Civ. P. 71.1(c)(3) and (d). *See* (Docs. 59-1, 25, 26, 31, 34, 32, 43, and 47).

The United States deposited on February 28, 2022, into the Court registry $2,720, its estimate of just compensation for the Subject Property. *See* (Docket); *see also* (Doc. 5). Title to the Subject Property vested in the United States at the time of the February 28, 2022 deposit. *See* 40 U.S.C. § 3114(b)(1). The Court approved a settlement between the United States and Curtis and Robin Pohl. *See* (Doc. 14.) Mr. and Ms. Pohl received $20,000, plus interest, as just compensation for the property taken from them in this condemnation action. *Id.* A sum of $20,000 accordingly was disbursed on May 6, 2022, from the Court registry to Mr. and Ms. Pohl. *See* (Docket); *see also* (Doc. 15).

Eleven defendants remained in the case on May 9, 2024, namely, Kenneth and Susan Adams, Magdalena Flis, Jay and Lindsay LeProwse, Jamie Jo Lynch, Donald Stevenson, Unknown Owners, Unknown heirs and/or devisees of Irene Atkins, Unknown heirs and/or devisees of James Atkins, and Unknown heirs and/or devisees of Sidney Atkins. The United States acquired these remaining defendants' right to enforce or modify the Covenants as to the Tower Parcel.

"The property owner bears the burden of proving the value of [. . .] condemned land." *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1140 (9th

Cir. 1999). The United States proffered evidence the United States owed the Covenant Holders no compensation for their relevant property interests. The United States submitted a report dated October 6, 2023, by real estate appraiser Thomas G. Stevens, MAI, SRA. (Doc. 64-2.) The Court conducted a hearing on May 9, 2024, which, pursuant Fed. R. Civ. P. 71.1(e)(3), provided the eleven remaining defendants an opportunity to present to the Court evidence as to ownership in the Subject Property, the amount of compensation owed them, and the share of the compensation to which they would be entitled. No defendant appeared or opposed the United States's motion (Doc. 66). The remaining defendants failed to meet their burden to prove the value of their respective property interests in the Subject Property. *See 4.0 Acres of Land* at 1140. Accordingly,

## ORDER

**IT IS HEREBY ORDERED** that:

1.  The amount of $20,000 set forth in this Court's Order Approving Settlement between the United States and Curtis and Robin Pohl (ECF No. 14) constitutes full and just compensation for the Subject Property.

2.  The United States owes no compensation ($0.00) for the taking of the Covenant Holders' right to enforce or modify the Covenants as to the Tower Parcel.

3.  Final Judgment is entered against the United States for the sum of
    $20,000, that amount being full and just compensation in full satisfaction
    of any and all claims of whatsoever nature against the United States by
    reason of the institution and prosecution of this action and the taking of
    the Subject Property.

4.  The Court directs the Clerk of the Court to **CLOSE** this case.

**DATED** this 3rd day of June, 2024.


Brian Morris, Chief District Judge
United States District Court